### SOCHIS et al. v. UNITED STATES.

(District Court, E. D. Pennsylvania. June 11, 1920.)

No. 6606.

1. **Courts** &#9901;&#9135;**518—District Courts and Court of Claims have concurrent jurisdiction, except as to amount involved.**

In every cause of which the Court of Claims has jurisdiction, the District Courts have like jurisdiction, limited only in respect to the sum involved.

2. **Courts** &#9901;&#9135;**426—District Court has jurisdiction of claims for compensation for property requisitioned under war acts.**

Under the war acts of Congress, conferring power to take possession of property of individual citizens for public purposes, and also giving the right to institute suits against the United States for compensation for property so taken, a District Court has jurisdiction of such a suit, provided the sum involved is within the prescribed limit.

&#9901;&#9135;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Petition by Morris Samuel Sochis and Louis Lippenhals, trading as the National Dental Laboratory & Supply Company, against the United States. On demurrer to petition. Overruled.

Prichard, Saul, Bayard & Evans, of Philadelphia, Pa., for plaintiffs.
Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa.

DICKINSON, District Judge. This proceeding, although in the form of a petition, is really an action at law to recover the damages sustained by the plaintiff through the exercise of the right of domain vested in and exercised by the defendant.

The question raised by the demurrer is the one of the jurisdiction of this court to judicially determine the cause. The practically wise thing is to have the question decided now, thus saving the parties the trouble, delays, and expense of trial, if the court has no authority to decide the question which the parties wish to have determined.

The general question of jurisdiction is Janus-faced. As affecting courts of the United States, two questions may be involved. One is whether the court as a court has jurisdiction, and the other is whether as a federal court it has jurisdiction. As the United States is a party, no question is raised with respect to the federal feature of the general question of jurisdiction. If the United States were not a party, but the defendant were a corporation, vested with the power of eminent domain, no doubt could arise as to the jurisdiction of a court to entertain an action brought to determine what should be recovered by way of compensation for property taken in the exercise of the right of eminent domain. As the United States is a party, the action, if any, may be brought in this court, if it can be brought at all. Again, as the United States is a party, no action can be brought unless the United States has consented to the bringing of the action, and then it must be brought in that tribunal and in that form which Congress may have prescribed as conditions of its consent to be sued.

There is no criticism of the form of procedure, and no denial that the United States has given to the plaintiff a right of action. The sole question is whether the United States has given its consent that the proceedings may be had in a District Court of the United States, or whether they have limited the right to bring proceedings to proceedings brought in the Court of Claims.

There are a number of different acts of Congress which directly or more remotely bear upon the question. The view we have taken of it renders it unnecessary to inquire into the phraseology of these different acts of Congress. That view is that the United States has recognized that citizens may have claims against the United States which, if against individuals, would properly be the subject of judicial inquiry and determination.

The United States has consented that in such cases it may be made a defendant, as if an ordinary citizen, and may be sued as such. The only privilege which it has reserved to itself is that it may be sued only in the Court of Claims, a court especially constituted and equipped for determining the justness of claims made against the United

States and holding its sessions at the seat of the government. The United States has further recognized, however, that there may be claims of a character and involving an amount such that it would be a hardship upon litigants to send them into the Court of Claims.

There are many and valid reasons supporting the decision of Congress to require claimants against the United States to go into the Court of Claims. There is at least the above suggested reason for having some exceptions to that general rule. All the purposes which Congress had in view were met by the general provision that the Court of Claims, and that court only, should have jurisdiction to adjudge claims against the United States, but that the District Courts should have a like jurisdiction up to a sum not exceeding $10,000.

[1] We are therefore justified in laying down as the first proposition that in every cause of which the Court of Claims has jurisdiction the District Courts have a like jurisdiction, limited only in respect to the sum involved or in controversy, and, of course, the amount of the judgment which can be rendered.

[2] When, therefore, in the different war measures enacted by Congress power was conferred to take possession of the property of individual citizens for public purposes, and the right to institute proceedings against the United States for compensation for the property taken was also given, Congress thereby gave its consent to such proceedings being instituted in those tribunals which Congress had already provided for the purpose, and had intrusted with power to determine the rights of the claimants and of the United States. This meant that proceedings might be instituted in the Court of Claims, and also that they might be instituted in any District Court of the United States, provided the sum involved did not exceed the limitation above named. This we believe to have been the intent of Congress, and to be also within the fair meaning of the terms in which Congress has expressed its intent.

Emphasis has been laid upon the fact that in some of these acts of Congress reference is made to the Court of Claims and the Court of Claims only. We do not think this in any way to qualify the intent of Congress. The reference to the court was a reference to the jurisdiction, and as the jurisdiction of the Court of Claims and of the District Court is in this respect concurrent pro tanto consent to the exercise of the jurisdiction of the Court of Claims is consent to the exercise of the jurisdiction of the District Courts, so far as the jurisdiction of the latter courts is concurrent with the jurisdiction of the former court.

The demurrer is overruled, with leave to the defendant to answer over.