## McLEAN v. UNITED STATES.

### Civ. A. No. 774.

District Court, W. D. South Carolina.
Greenville Division.

Sept. 24, 1947.

Hingson & Todd and Wyche, Burgess & Wofford, all of Greenville, S. C., for plaintiff.

Oscar H. Doyle, U. S. Atty., and Walter H. Hood, Asst. U. S. Atty., both of Greenville, S. C., for defendant.

WYCHE, District Judge.

In this action the plaintiff, Samuel H. McLean, seeks judgment for damages in the sum of $5,000, against the United States, under the provisions of the act of May 24, 1938, 52 Stat. 438, 18 U.S.C.A. §§ 729, 730.[1] In his complaint he alleges that he was wrongfully convicted of manslaughter by United States Navy Court Martial on Iwo Jima, Volcano Islands, in 1945, and was sentenced to imprisonment at hard labor for five years, and to a dishonorable discharge; that he entered upon the service of his sentence and after being in prison for approximately six months at the Navy Disciplinary Barracks, at San Pedro, California, his conviction was set aside by the Judge Advocate General of the Navy who adjudged that he was not guilty of the crime of which he was convicted and that his conduct in connection with said charge did not constitute a crime against the United States or against any State, territory or possession of the United States or of the District of Columbia; that he did not, intentionally or by willful misconduct, contribute to bring about his arrest or conviction.

The case is before me on motion of the defendant to dismiss the action on two grounds, namely, (1) The District Court lacks jurisdiction of the subject matter because exclusive jurisdiction is in the

---

1 "§ 729. Erroneous conviction; authorization of suit against United States. Any person who, having been convicted of any crime or offense against the United States and having been sentenced to imprisonment and having served all or any part of his sentence, shall hereafter, on appeal or on a new trial or rehearing, be found not guilty of the crime of which he was convicted or shall hereafter receive a pardon on the ground of innocence, if it shall appear that such person did not commit any of the acts with which he was charged or that his conduct in connection with such charge did not constitute a crime or offense against the United States or any State, Territory, or possession of the United States or the District of Columbia, in which the offense or acts are alleged to have been committed, and that he has not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction, may, subject to the limitations and conditions hereinafter stated, and in accordance with the provisions of the Judicial Code, maintain suit against the United States in the Court of Claims for damages sustained by him as a result of such conviction and imprisonment.

"§ 730. Same; certificate of innocence; admissibility; contents. The only evidence admissible on the issue of innocence of the plaintiff shall be a certificate of the court in which such person was adjudged not guilty or a pardon or certified copy of a pardon, and such certificate of the court, pardon, or certified copy of a pardon shall contain recitals or findings that—

"(a) Claimant did not commit any of the acts with which he was charged; or

"(b) that his conduct in connection with such charge did not constitute a crime or offense against the United States or any State, Territory, or possession of the United States or the District of Columbia, in which the offense or acts are alleged to have been committed; and

"(c) that he has not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction."

Court of Claims; and (2) the complaint fails to state a claim against the defendant upon which relief can be granted. The defendant also moves for summary judgment upon the ground that the plaintiff did not have a certificate of a court containing recitals or findings required by the statute.

To support its first ground to dismiss the defendant relies upon the following provisions of the statute: "may, subject to the limitations and conditions hereinafter stated, and in accordance with the provisions of the Judicial Code, maintain suit against the United States in the Court of Claims for damages sustained by him as a result of such conviction and imprisonment." The defendant contends that this gives the Court of Claims exclusive jurisdiction of the suit. On the other hand, the plaintiff contends that 28 U.S.C.A. § 41(20) (The Tucker Act) gives the District Court concurrent jurisdiction with the Court of Claims in this action. The section relied upon by the plaintiff is as follows: "The district courts shall have original jurisdiction as follows: * * * (20) Suits against United States. Twentieth. Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable, * * *." 28 U.S.C.A., § 41(20). The purpose of the Tucker Act was declared by the Supreme Court in Bates Mfg. Co. v. United States, 303 U.S. 567, 58 S.Ct. 694, 695, 82 L.Ed. 1020, to be as follows: "The purpose of giving the District Courts concurrent jurisdiction with the Court of Claims was to provide additional opportunity for the consideration and determination of claims that had 'long pressed upon the consideration of Congress' and to permit suit to 'be brought in the District where the parties reside.'" And, in New York & O. S. S.

Co. v. United States, D.C.N.Y., 202 F. 311, 312, it was said: "* * * the evident purpose and intent of this law was to give to persons having claims against the United States for comparatively small amounts the right to bring suits in the courts of the United States in districts where they and their witnesses reside, without subjecting them to the expense and annoyance of litigating in a court located at Washington."

It thus appears that one very important purpose of the Tucker Act was to make it possible for aggrieved persons with comparatively small claims against the United States to prosecute their cause in their own district. This has many advantages for the private litigant and although the Tucker Act has been in force for many years, no undue burden or hardship has been placed by it upon the government.

From the wording of the Tucker Act, and the decisions construing it, it is clear that the District Court has concurrent jurisdiction with the Court of Claims of all cases not sounding in tort where the amount involved does not exceed $10,000. Bates Mfg. Co. v. United States, 303 U.S. 567, 58 S.Ct. 694, 82 L.Ed. 1020; Sochis v. United States, D.C., 266 F. 446; United States v. Biggs, D.C., 46 F.Supp. 8. Therefore, when the Congress authorized suit against the United States in the Court of Claims by passage of 18 U.S.C.A. § 729, it automatically conferred jurisdiction of such suits upon the District Court.

To sustain its second ground to dismiss, defendant contends that the statute (18 U.S.C.A. § 729) does not cover a conviction in a court martial. The Act provides that, "Any person who, having been convicted of any crime or offense against the United States * * * may * * * maintain suit against the United States * * * for damages sustained by him as a result of such conviction and imprisonment." One tried by a court martial is tried for an offense against the United States. The basis for any prosecution in a Navy court martial is necessarily a violation of the Articles for Government of the Navy. These Articles were enacted

by an Act of Congress. 34 U.S.C.A. § 1200. A violation of an Act of Congress is necessarily an offense against the United States. The statute (18 U.S.C.A. § 729) includes any person who is convicted of any offense against the United States; it therefore, covers a conviction in a court martial. Grafton v. United States, 206 U. S. 333, 27 S.Ct. 749, 51 L.Ed. 1084.

Section 730 of the Act provides that, "The only evidence admissible on the issue of innocence of the plaintiff shall be a certificate of the court in which such person was adjudged not guilty or a pardon or certified copy of a pardon, * * *." The defendant contends that the Navy Court Martial which convicted this plaintiff, and the Judge Advocate General who reversed his conviction are not "Courts" within the meaning of the statute.

■ Courts martial are lawful tribunals existing under the Constitution and Acts of Congress, having plenary jurisdiction of offenses committed to them by the military law, and they are supreme while acting within the sphere of their exclusive jurisdiction. Carter v. Roberts, 177 U.S. 496, 20 S.Ct. 713, 44 L.Ed. 861; Collins v. McDonald, 258 U.S. 416, 418, 42 S.Ct. 326, 66 L.Ed. 692. Courts martial exist by the same authority as civil courts of the United States and have the same plenary jurisdiction in offenses under the military law as the latter courts have in controversies within their jurisdiction, and "within their special and more limited sphere are entitled to as untrammeled an exercise of their powers." In re Davison, 2 Cir., 21 F. 618, 620, " * * * and, in pursuance of the power conferred by the constitution, congress has declared the kinds of trial, and the manner in which they shall be conducted, for offenses committed while the party is in the military or naval service." Ex parte Milligan, 4 Wall. 2, on page 123, 18 L.Ed. 281.

■ Article 54(b) of the Articles for Government of the Navy, 34 U.S.C.A. § 1200 (54(b), gives the Secretary of the Navy authority to set aside a proceeding of a Navy court martial or to remit or mitigate any sentence imposed. The review of a court martial proceeding is a judicial act. 6 C.J.S., Army and Navy, § 57, p. 462; United States v. Fletcher, 148 U.S. 84, 13 S.Ct. 552, 37 L.Ed. 378; United States v. Page, 137 U.S. 673, 11 S.Ct. 219, 34 L.Ed. 828. "Where the sentence of a properly constituted court-martial is expressly disapproved by the proper reviewing authority, this is, in legal effect, tantamount to an acquittal of accused by the court of the offense charged, and relieves him from any and all liabilities to which his conviction would have subjected him." 6 C.J.S., Army and Navy, § 57, p. 463; 26 Op.Atty.Gen. 239; 13 Opp.Atty.Gen. 459. Bringing the sentence and proceedings of a court martial before the reviewing authority is, it has been held, in the nature of an appeal to such officer. When he performs his duty of approving the sentence of a court martial his act has all the solemnity and significance of the judgment of a court of law. 36 Am.Juris. 256. To the same effect is Dynes v. Hoover, 20 How. 65, 15 L.Ed. 838.

■ The action of the Secretary of Navy in reviewing a court martial cannot be further reviewed in the civil court and is res judicata. 34 Op.Atty.Gen. 162.

■ From the foregoing it is clear that a court martial and the review by the Judge Advocate General are judicial proceedings and certainly would come within the meaning of the word "Court" as set out in the statute, especially when the purpose of the statute is kept in mind.

In an able and interesting opinion, the legislative history of this section has been set out fully in United States v. Keegan, D.C., 71 F.Supp. 623, 626. In this opinion Judge Barksdale observed: "Nevertheless, it cannot be gainsaid that, where a sovereign government has punished a person for a crime of which the person was entirely innocent, in fairness and justice, the injured person should be compensated. He cannot be made whole. The wrong cannot be wholly righted, but in such instances, at the very least, the injured person can be compensated by the sovereign."

■ This Act is a remedial act designed by a fair-minded government as a means of at least partially righting an irreparable wrong done to one of its citi-

zens. It has the beneficent purpose of attempting to compensate, as well as money can compensate for such an injury, the plaintiff for the loss of his liberty through an error on the part of his government. One convicted in a court martial is just as effectively deprived of his liberty as one convicted in the district court of the United States. The same sovereign is responsible for the wrong that has brought about his suffering. It is, therefore, my opinion that the Act covers a conviction in a court martial.

For the foregoing reasons, the defendant's motion to dismiss should be denied, and it is so ordered.

As to the motion for summary judgment, possession or non-possession of the certificate required by the statute is an evidentiary matter and cannot be disposed of on the pleadings. Motion for summary judgment is, therefore, denied.