## WEISS v. UNITED STATES.

United States District Court.
S. D. New York.
Jan. 29, 1951.

See also, Ct.Cl., 91 F.Supp. 742.

Morton Singer, New York City, for petitioner.

Irving H. Saypol, U. S. Atty., New York City, for the Government.

BARKSDALE, District Judge.

Hugo Weiss seeks damages against the United States under authority of 28 U.S. C.A. § 1495, which is as follows:

"*Damages for unjust conviction and imprisonment; claim against United States.*

"The Court of Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."

To this end, he has filed his petition in this Court, alleging that he has been unjustly convicted and imprisoned, and praying for a certificate of innocence under the provisions of 28 U.S.C.A. § 2513, which is as follows:

"*Unjust conviction and imprisonment.*

"(a) Any person suing under section 1495 of this title must allege and prove that:

"(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

"(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

"(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

"(c) No pardon or certified copy of a pardon shall be filed with the Court of Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.

"(d) The Court may permit the plaintiff to prosecute such action in forma pauperis.

"(e) The amount of damages awarded shall not exceed the sum of $5,000."

Prior to May 24, 1938, Congress had enacted no statute for the recovery of damages by any person unjustly convicted and imprisoned by a court of the United States. Effective on that date, legislation was enacted which became Sections 729–732, inclusive, of Title 18 of the U.S.C.A. On September 1, 1948, Sections 729–732, inclusive, of Title 18 U.S.C.A., were re-

pealed and the above-quoted sections 1495 and 2513 of Title 28 U.S.C.A. were enacted in their place. The Revisor's Note to 28 U.S.C.A. § 2513 is as follows:

"*Revisor's Note.* Based on section 729–732 of Title 18, U.S.C., 1940 ed., Crimes and Criminal Procedure (May 24, 1938, c. 266, §§ 1–4, 52 Stat. 438.)

"Sections 729–732 of Title 18, U.S.C., 1940 ed., were consolidated and completely. rewritten in order to clarify ambiguities which made the statute unworkable as enacted originally. Jurisdictional provisions of section 729 of Title 18, U.S.C., 1940 ed., are incorporated in section 1495 of this title.

"Changes were made in phraseology."

It would therefore seem that the revision was for the purpose of clarity, and that no substantial change in the substantive law was intended. It may therefore be considered that decisions of the courts construing the former statutes are applicable to the revised statutes.

On July 7, 1942, petitioner and divers others were indicted under the provisions of 50 U.S.C.A.Appendix, § 311, Section 11 of the Selective Training and Service Act of 1940, for conspiring "to counsel divers persons to evade, resist and refuse service in the land and naval forces of the United States. * * *" It was charged that the petitioner was a unit leader of, and his co-defendants were national officers, department leaders and unit leaders of the German American Bund. All the defendants, except three who had pleaded guilty, came on for trial before the undersigned sitting by assignment in the District Court for the Southern District of New York on September 17, 1942, which trial resulted in the conviction of defendant and twenty-three of his co-defendants, one defendant being acquitted. Promptly after conviction, the petitioner and his twenty-three co-defendants were sentenced to imprisonment. Thereupon, petitioner and his co-defendants who had been sentenced, began serving their sentences. Upon appeal to the Circuit Court of Appeals for the Second Circuit, these convictions and sentences were unanimously affirmed. Keegan v. United States, 141 F.2d 248. The Supreme Court granted *certiorari,* 322 U.S. 719, 64 S.Ct. 1143, 88 L.Ed. 650, and on June 11, 1945, the judgment of conviction of all defendants by the District Court was reversed by the Supreme Court and the cause remanded thereto for further proceedings in conformity with the opinion of the Supreme Court. Keegan v. United States, 325 U.S. 478, 65 S.Ct. 1203, 89 L.Ed. 1745 (four Justices dissenting). The ground of reversal, as stated in a headnote, was: "The evidence in this case was insufficient to sustain conviction of the petitioners, * * *."

Upon receipt of the mandate, the District Court entered an order making the mandate of the Supreme Court the judgment of the District Court, dismissing the indictment, and discharging the defendants from custody. Meanwhile, petitioner had served a very substantial portion of his sentence of imprisonment.

Being advised that under these circumstances he was entitled to maintain his suit in the Court of Claims for damages as provided in 28 U.S.C.A. § 1495, he filed his petition in the District Court for a certificate of innocence as provided in 28 U.S.C.A. § 2513. Honorable John C. Knox, Senior District Judge of the Southern District of New York, being of opinion that this petition should be considered by the judge before whom the trial was had, the petition has been referred to the undersigned.

The Government objects to the granting of such certificate upon the grounds:

(1) That petitioner, by misconduct or neglect, caused or brought about his own prosecution;

(2) That petitioner's conduct in connection with the charges on which he was tried, constituted an offense against the United States; and

(3) That in connection with the charges on which he was tried, petitioner was guilty of conspiracy to induce others to make false statements and to furnish false information under the Alien Registration Act, 8 U.S.C.A. §§ 137, 155, 156a, 451–460, 18 U.S.C.A. §§ 9–13 [now §§ 2385, 2387], as charged in a separate indictment from

that upon which he was tried, and as to which indictment a *nolle prosequi* was entered after the decision of the Supreme Court reversing his conviction under the other indictment.

Oral argument has been heard, briefs have been filed, and both the Government and petitioner have submitted affidavits in support of their contentions.

In 1946, the similar petition of Wilbur V. Keegan, a co-defendant of petitioner Weiss, was assigned to me for hearing and determination, the questions presented by the Keegan petition and the Government's opposition thereto being almost identical with the questions here presented. As the questions presented at that time were novel and interesting, I wrote an extensive opinion in passing on that petition, which is reported as United States v. Keegan, D.C., 71 F.Supp. 623. It would seem useless to repeat any substantial portion of the Keegan opinion here. I will content myself by observing that I find no reason to question any of the conclusions stated in the Keegan opinion. Since the publication of that opinion, related questions under the applicable statutes have come before two district courts, whose opinions are reported as follows: McLean v. United States, 73 F.Supp. 775, and Cratty v. United States, 83 F.Supp. 897. Both these opinions are interesting and add valuable clarification to the law. However, neither has any particular bearing on the questions here presented.

■ In conformity with the conclusions reached in United States v. Keegan, supra, as to how these statutes should be construed and applied, I am of the opinion that this petition must be denied. It is true that petitioner's "conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, * * *". However, I cannot certify that "he did not commit any of the acts charged": the fact is that he did commit all of the acts with which he was charged, upon proof whereof, his conviction followed. His final acquittal resulted from the finding of the Supreme Court that proof that petitioner and his

co-defendants committed the acts with which they were charged, was insufficient evidence to sustain the conviction of conspiracy, the offense charged.

Neither do I think that petitioner is entitled to a certificate that "his acts, deeds, or omissions in connection with such charge constituted no offense against the United States * * *." On the contrary, it does appear to me that petitioner was guilty of a crime, namely, the crime of counseling evasion of the Selective Service Law, that is, the substantive offense as distinguished from the conspiracy. As stated in the opinion of the Second Circuit Court, 141 F.2d 248, 254: "The proof indicates that the defendants were part of a large organization, one of the purposes of which was to interfere with the administration of the Selective Training and Service Act. The Bund did everything it could to prevent the passage of the Act, and finally, when the law was enacted, advised its members to 'refuse to do military service' until any laws of the country or of the state which effected the citizenship rights of members were repealed."

Petitioner was not a national officer of the Bund, but during the period covered by the indictment, he was quite an active and influential member, having been at one time unit leader of two units. Petitioner attended the National convention of the Bund in 1940, and made a speech there. He read to at least one, if not both of the Units of which he was leader, Bund Command No. 37, which contained the admonition, "Every man, if he can, will Refuse to do military duty until this law and all other laws of the country or the states which confine the citizenship rights of Bund members Are Revoked! * * *"

■ It is true that in the majority opinion in Keegan v. United States, supra, it is stated, 325 U.S. at page 494, 65 S.Ct. at page 1210, 89 L.Ed. at page 1745: "* * that the evidence and oral statements of the various petitioners at committee meetings and unit meetings of the Bund did not supply a basis for a finding, beyond a reasonable doubt, of counselling, or intending to counsel, or conspiring to coun-

sel, evasion of military service within the meaning of § 11 of the statute." Of course, the statement that the evidence did not prove beyond a reasonable doubt that petitioners, or any of them, were guilty of the substantive crime of counseling evasion, was an *obiter dictum,* because the offense for which petitioner and his co-defendants were convicted, and which conviction was under review, was the offense of conspiracy. The facts stated above, indicating that the petitioner did in fact counsel evasion, considered in connection with all the testimony in the case showing that petitioner and his co-defendants were disposed to counsel evasion, would satisfy me beyond a reasonable doubt that petitioner was in fact guilty of the substantive offense of counseling evasion. However, if the above quoted *dictum* of the Supreme Court is binding upon me as an adjudication that the testimony was insufficient to prove this petitioner, guilty of counseling evasion beyond a reasonable doubt, the testimony is certainly sufficient to create so strong a belief in my mind that petitioner was guilty of counseling evasion, that I would not feel justified in certifying that he was not guilty of this crime.

Neither do I think petitioner is entitled to a certificate that "he did not by misconduct or neglect cause or bring about his own prosecution". Admittedly, petitioner, shortly prior to his arrest, destroyed documents and papers which he did not want to have in his possession, because they might cast reflection on his past activities. Besides, petitioner read Bund Command No. 37 to his unit, which admonished the members to refuse to do military service. If the reading of this admonition to the members did not constitute a crime, it would seem to me that at least it constituted misconduct which caused or brought about his prosecution.

The Government contends that the petitioner was, "in connection with the charge of which he was convicted, guilty of conspiracy to induce others to make false statements and to furnish false information in their registration as aliens", and it is true that petitioner was indicted upon this charge at the same time he was in-

dicted upon the charge of which he was convicted. After the Supreme Court's reversal of petitioner's conviction, a *nolle prosequi* was entered as to this indictment. If petitioner was in fact guilty of conspiracy in connection with the Alien Registration Act, possibly that would constitute a crime "in connection with" the crime of which he was convicted and which conviction was set aside. However, as I have reached the conclusion to deny the prayer of petitioner on other grounds, I deem it unnecessary to make a conclusion on this contention.

From the foregoing, it follows that an order will be entered denying petitioner's application for the certificate of innocence prayed for. I am satisfied that the facts and circumstances here presented do not make out such a case as Congress meant to include within the humane provisions of the statutes here under consideration.