494

**COX v. UNITED STATES.**

No. 31433.

United States District Court
N. D. California, S. D.
May 20, 1953.

Victor E. Cappa, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Oakland, Cal. and Fredrick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for defendant.

ROCHE, Chief Judge.

This is an action for damages for false imprisonment. Plaintiff was convicted of desertion by an Army Court Martial on June 10, 1949, and this conviction was disapproved by a reviewing officer five days later. At no time subsequent was he retried by an Army Court Martial for desertion. Basically, the controversy resolves itself into three questions:

(a) Has this court jurisdiction to hear and determine the issues herein in view of the provisions of 28 U.S.C. § 1495?

(b) From the facts as disclosed by the record and the evidence introduced at the trial, is there a sufficient showing by the plaintiff that he was in fact convicted so as to entitle him to bring suit under 28 U.S.C. § 1495?.

(c) Is plaintiff's exhibit of the record of U. S. Court of Appeal sufficient proof and evidence to comply with the requirements of 28 U.S.C. § 2513(a)(1) to the effect that the alleged court martial conviction was reversed or set aside?

Section 1495 of Title 28 states: "The Court of Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States".

Section 2513 states:

"(a) Any person suing under section 1495 of this title must allege and prove that:

"(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and * * *."

Defendant contends that 28 U.S.C. § 1495 by its terms limits jurisdiction of the within action to the Court of Claims, while plaintiff contends that the District Court has concurrent jurisdiction.

■ Defendant's argument ignores the fact that the purpose of the 1948 act was merely to codify and revise Title 18 and not to make any substantive changes. The Reviser's note under Section 2513 states that "Section 729–732 of Title 18, U.S.C., 1940 ed., were consolidated and completely rewritten in order to clarify ambiguities which made the statute unworkable as enacted originally". It specifically states that the jurisdictional provisions of Section 729 were incorporated into Section 1495 of the 1948 edition. Thus there is no showing Section 1495 was meant to wipe out concurrent jurisdiction of the District Court.

Moreover, the concurrent jurisdiction of this Court under the Tucker Act is not dependent upon any such flimsy basis as the use of permissive or mandatory words in the statute or by implication. As section 1495 was not meant to change jurisdiction, the cases cited in support of concurrent jurisdiction under Section 729 of Title 18 are as persuasive now as then.

The case of McLean v. United States, D. C., 73 F.Supp. 775, cited considerably by both sides, is authority for the fact that when Congress authorized suit against the United States in the Court of Claims by passage of 18 U.S.C. § 729, it automatically conferred jurisdiction of such suits upon the District Court. Also, in rejecting the same argument as is made here, that of attempting to limit jurisdiction to the Court of Claims, the Court expressly held in substance that:

"in every case of which the Court of Claims has jurisdiction, the District Court has like jurisdiction, limited only in respect to the sum involved."

The fact that the 1948 statute was enacted after the McLean case does not prevent them from being authority, since its purpose was not to change the substantive law but merely to remove ambiguities in the previous statute. It follows, therefore, that this court has concurrent jurisdiction with the Court of Claims.

■ Coming now to the merits of the case, was plaintiff convicted by any Army Court Martial so as to allow him to seek relief under Section 1495? Section 1511 of Title 10 U.S.C.A. states: that "no proceeding in which an accused has been found guilty by a court-martial * * * shall be held to be a trial" until review and final action taken. Here the reviewing officer disapproved the conviction and remanded for a new trial. Such re-trial never took place. The case of McLean v. United States, supra, held that disapproval by proper reviewing authority is in legal effect tantamount to an acquittal of the accused.

Further, 13 Op. Atty. Gen. 239 states in effect that:

"Where the sentence of the court martial is disapproved, it is in effect an acquittal by the court and the accused is in contemplation of the law innocent of the charge mentioned".

The case of Sanford v. Robbins, 5 Cir., 115 A.2d 435, 439, held:

"that a refusal to approve or confirm a sentence results in an acquittal".

Thus, it is evident from the authorities cited herein that plaintiff was never convicted. As the statute under which plaintiff seeks redress against defendant, 28 U. S.C. § 1495, requires, as a condition precedent, the conviction of the plaintiff by the United States, and as there was, in fact an acquittal and not a conviction, plaintiff has failed to show the element

mandatorily required in bringing this action.

The final question of whether the record of the United States Court of Appeals for the Ninth Circuit in an action entitled Cox v. Wedemeyer, 192 F.2d 920, is proof that the alleged court martial conviction of plaintiff was reversed or set aside, as required by Section 2513(a) of Title 28, is one that must be determined in the light of the statute and position of the court in that decision.

 As such suits as this are merely permissive, requiring statutory consent of the government, it is well settled that the requirements set out by such statute must be fully met.

The requirements of Section 2513(a) of Title 28 are mandatory. The opening phrases of this section gives the mandatory requirement, it states:

"Any person suing under section 1495 of this title *must allege and prove*"/.

Under subdivision (a)(1) it gives the requirement that be alleged and proved, this is:

"(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, * * *".

A reading of the decision of Cox v. Wedemeyer clearly demonstrates that the Court of Appeals for this circuit is no sense reversed or set aside the alleged court martial conviction of plaintiff. The decision is based on an appeal from the order denying the issuance of a writ of habeas corpus to plaintiff. The sole issue before that court was whether the plaintiff had been wrongfully inducted into the Army.

Neither this decision nor the decision of Judge Erskine in the District Court case of Cox v. Fredericks, 90 F.Supp. 55, 56, from which the appeal had been made, in any sense touched upon the proposition that plaintiff was or was not wrongfully convicted of the court martial charges of desertion.

 The fact that 28 U.S.C. § 1495 gives plaintiff opportunity to produce either record of the court or certificate of the court setting aside the conviction, does not relieve him from proving that the conviction was actually set aside.

Plaintiff contends that when using the record of the court there need be no specific recitals and that implied findings meet the statutory requirements, that the Court of Appeals, by holding plaintiff's induction wrongfully, impliedly reversed this court martial conviction for the crime of desertion. This litigation is not to be determined by inference but upon the facts and the law applicable thereto.

It is apparent from the foregoing that plaintiff has failed to bring himself within the terms of the applicable statute or to meet the burden of proof by evidence required by statute. It is therefore,

Ordered that there be entered herein, upon findings of fact and conclusions of law, judgment in favor of the defendant and against the plaintiff. Each party to pay its own cost.