Paul A. FORREST (formerly Private First Class, 566–76–1381, U. S. Army, Company B, U. S. Army Training Center, Infantry, Fort Lewis, Washington), Petitioner,

v.

UNITED STATES, Respondent.

CM 425279.

U. S. Army Court of Military Review.

6 May 1976.

---

**3.** 75 Am.Jur.2d, Trial § 933.

**4.** 75 Am.Jur.2d, Trial § 937. *See Early v. United States*, D.C., 309 F.Supp. 421 (1969) and

*Welch v. United States*, 10 Cir., 371 F.2d 287 (1966).

Appellate Counsel for Petitioner: James L. Vonasch, Esquire; CPT Anthony J. Siano, JAGC; CPT John R. Osgood, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for Respondent: CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## ON PETITION FOR CERTIFICATE OF INNOCENCE

### OPINION OF THE COURT

JONES, Senior Judge:

Petitioner, formerly a Private First Class in the U.S. Army, seeks a Certificate of Innocence from this Court under the federal unjust conviction statute, 28 U.S.C. § 2513.[1] Such a certificate may be issued under certain precise guidelines to persons who have been unjustly convicted of an offense against the United States and have been imprisoned as a result. It is a requisite for filing a claim against the United

1. "Unjust conviction and imprisonment

(a) Any person suing under section 1495 of this title must allege and prove that:

"(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he had been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

(c) No pardon or certified copy of a pardon shall be considered by the Court of Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.

(d) The Court may permit the plaintiff to prosecute such action in forma pauperis.

(e) The amount of damages awarded shall not exceed the sum of $5,000."

States for damages pursuant to Section 1495 of Title 28, United States Code.[2]

Petitioner was convicted by general court-martial on 27 October 1970 of willfully disobeying a lawful order of his superior officer. This Court, upon review of the case pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, set aside the findings and sentence and dismissed the charge.[3] Petitioner maintains that his conviction was set aside because he was not guilty of the offense charged as the order he disobeyed was illegal.

Before we reach the question of the factual basis for issuance of a certificate of innocence, we are confronted with the questions of whether the unjust conviction statute encompasses an unjust conviction by courts-martial and if so, whether the United States Army Court of Military Review is the appropriate body to issue the certificate. We answer both questions in the affirmative.

■ The statute has been employed in several instances involving court-martial convictions and its use under such circumstances is now settled. *See Osborn v. United States*, 322 F.2d 835 (5th Cir. 1963); *McLean v. United States*, 73 F.Supp. 775 (W.D.S.C.1947); *Roberson v. United States*, 124 F.Supp. 857 (Ct.Cl.1954); *Cox v. United States*, 112 F.Supp. 494 (N.D.Cal.1953).

■ As to the second question, the statute provides that the certificate shall be issued by the court wherein the facts appear. 28 U.S.C. § 2513(b). As the facts concerning the dismissal of the charge are in this Court's records, this Court would be the appropriate forum to issue the certificate. In *McLean v. United States, supra*, a Navy case arising prior to the enactment of the Uniform Code of Military Justice, the federal district court held that The Judge Advocate General of the Navy, as the reviewing authority for the court-martial in question, was the proper authority to issue

the certificate. Under the Uniform Code of Military Justice this Court is now a proper reviewing authority for courts-martial, thus making it the appropriate forum to issue the certificate.

Turning to the question of whether the certificate should be issued, we find there are three conditions that must be proved by the petitioner:

1. The conviction must have been reversed or set aside on the ground that petitioner was not guilty (§ 2513(a)(1)).

2. The petitioner either did not commit the act or the act did not constitute an offense (§ 2513(a)(2)).

3. The petitioner did not by his own misconduct or neglect cause or bring about his own prosecution (§ 2513(a)(2)).

We will discuss these in order. A brief outline of the facts, however, will be necessary.

Petitioner applied for discharge from the Army as a conscientious objector. The Secretary of the Army denied the request. The petitioner then submitted a second request. The commanding general at Fort Lewis determined that the second application was substantially the same as the prior one which had been disapproved and returned to petitioner. Thereafter, petitioner was ordered to board a vehicle that was to transport him to the Overseas Replacement Station. He refused to obey the order and his general court-martial conviction resulted.

The first requirement to be established by petitioner is that this Court set aside his conviction on the ground that he was not guilty. In the prior decision this Court stated it was taking its action because it was "not convinced, as a matter of factual sufficiency, that a proper disposition was made of appellant's second application. . . ." 44 C.M.R. at 694. This meant the Court was not convinced that the two applications for discharge were substantial-

---

2. "Damages for unjust conviction and imprisonment; claim against United States

The Court of Claims shall have jurisdiction to render judgment upon any claim for damages

by any person unjustly convicted of an offense against the United States and imprisoned."

3. *United States v. Forrest*, 44 C.M.R. 692 (A.C. M.R.1971).

ly the same. Therefore, applying a domino effect, as it was not convinced the two were the same, it was also not convinced the commanding general acted properly on the application; further, it was not convinced the appellant could be transferred to the Overseas Replacement Station;[4] and finally it was not convinced the order to board the vehicle to go to the latter organization was legal. These compounded doubts resulted in this Court's action which amounted to a finding of not guilty based on an insufficiency of evidence. The first requirement under the unjust conviction statute was therefore met by the petitioner.

 As to the second requirement under the statute, it is not disputed that petitioner committed the act, i. e., disobeyed the order, but what is contested is whether the order was legal. This Court previously was not convinced beyond a reasonable doubt that the order was legal and we are bound by that determination. However, the standard to be followed in issuing a Certificate of Innocence is not failure of proof beyond a reasonable doubt to establish guilt but whether petitioner established that he was "truly innocent." *Osborn v. United States, supra.* As the Court of Appeals for the Sixth Circuit said in *United States v. Brunner,* 200 F.2d 276 (6th Cir. 1952), the "[i]nnocence of the petitioner must be affirmatively established . . . ." We do not find that petitioner's innocence was established, but only that his guilt was not established beyond a reasonable doubt. Therefore, we do not find this to be a proper case for the issuance of a Certificate of Innocence.

Although a negative answer to the second requirement is sufficient to preclude issuance of the certificate, we will also discuss the third requirement as it is so closely related to the second. To qualify for the certificate the petitioner must also establish that his misconduct did not bring about his prosecution. In our opinion he has not done so. There has been no showing that peti-

tioner in fact qualified as a conscientious objector or that his application would have or should have been granted. All that has been shown is that this Court was not convinced the proper procedural action was taken.

The petitioner took it upon himself to determine that the commanding general's action was illegal and that he did not have to obey the order. This he may not do and claim to be "truly innocent." *Cf. United States v. Stewart,* 20 U.S.C.M.A. 272, 43 C.M.R. 112 (1971). The appropriate course was for him to seek redress or reconsideration of the perceived wrong. His failure to do that amounted to misconduct, as that term is used in the statute, and brought about his prosecution. It is not necessary that such misconduct amount to a crime. *Weiss v. United States,* 95 F.Supp. 176 (S.D. N.Y.1951). Therefore, petitioner has also failed to establish the third condition.

The Petition for a Certificate of Innocence is denied.

Judge FELDER concurs.

O'DONNELL, Judge, dissenting:

I conclude that the petitioner has met the requirements of Section 2513, Title 28, United States Code, and therefore that the Certificate of Innocence should be issued to him.

The primary reason for the diverse conclusions in this case is the fundamental disagreement as to the underlying basis for the decision of this Court in setting aside the petitioner's conviction. As I read the opinion of the Court, the *ratio decidendi* was not a failure of the Government to establish the guilt of the petitioner beyond a reasonable doubt, but rather a finding of the Court as a matter of law that the order in question was illegal. The Court found that "there was no basis in fact for the Commanding General's conclusion that the second application was substantially the same as the initial application. . . ." *United States v. Forrest,* 44 C.M.R. 692, 694

4. AR 635–20 provided that an applicant for discharge as a conscientious objector would be retained in his unit and assigned duties with a minimum of conflict with his asserted beliefs, pending final decision of his application.

(A.C.M.R.1971). It follows from that conclusion, although not articulated by the Court, that the order given to the petitioner to board the vehicle was illegal as contrary to pertinent Army Regulations.* This conclusion, to me, is inescapable as the Court held that the military judge at the trial should have granted the petitioner's motion to dismiss. *United States v. Forrest, supra.* The petitioner at trial moved to dismiss the charges on the ground of an illegal order.

With this factual background, I will examine the three criteria of the statute. The first criterion is that the conviction must have been reversed or set aside on the ground that the petitioner was not guilty. I agree with the majority, but obviously for different reasons, that the conviction was set aside because of a finding that the petitioner was not guilty. An accused is not guilty of violating an order if the order is illegal.

The second criterion is that the petitioner either did not commit any of the acts charged or his acts or omissions in connection with the charge did not amount to an offense. This prerequisite is complementary to the first. That is to say, the petitioner has to establish that he is not guilty of the offense charged either because he did not commit the acts or because the acts that he committed or omitted did not constitute an offense. The reversal of the petitioner's conviction must be based on innocence and not on a procedural deficiency such as the running of the statute of limitations (*Cratty v. United States,* 83 F.Supp. 897 (S.D. Ohio 1949)), improper use of privileged testimony (*United States v. Brunner,* 200 F.2d 276 (6th Cir. 1952)), or lack of jurisdiction (*Osborn v. United States,* 322 F.2d 835 (5th Cir. 1963)). I agree with the majority that the reversal may not be based on a failure of proof. *See Osborn v. United States, supra.* However, as already noted, I con-

clude that the petitioner's conviction was set aside not for a failure of proof or for a procedural deficiency but because of an illegal order.

I am convinced that the petitioner has met the second criterion. Admittedly he failed to perform certain acts. But these omissions did not amount to an offense. Failure to board a vehicle is not criminal if the person so ordered had no duty to do so. The petitioner had no such duty in this case because, as found by this Court, the order was illegal. The petitioner's conduct, therefore, did not amount to an offense within the meaning of Section 2513, Title 28.

The third criterion is that the petitioner must not have brought about his prosecution by his own misconduct. Again, I do not concur with the conclusion of the majority that the petitioner has not met this standard. I agree that the actions which provoked the prosecution need not amount to a crime. *Weiss v. United States,* 95 F.Supp. 176 (S.D.N.Y.1951). But they certainly must amount to misconduct. The petitioner's actions or omissions directly related to the offense charged did not constitute misconduct, in view of the illegal order. Nor did the petitioner commit any other acts which could be considered misconduct leading to prosecution such as suppression of evidence or subornation of perjury. *See United States v. Keegan,* 71 F.Supp. 623, 638 (S.D.N.Y.1947). Accordingly, I would hold that the petitioner has met this criterion.

As the petitioner has met all of the requirements of the statute, he should be issued the Certificate of Innocence.

---

* If the second application was not substantially the same as the first, it would have to be acted on at the installation level and forwarded to Headquarters, Department of the Army, for final consideration. Pending these actions, the petitioner would have to be retained in his unit and assigned only those duties providing the minimum conflict with his beliefs. *See* paragraphs 4, 5 and 6, Army Regulation 635–20, 21

January 1970. The order for the petitioner to board a vehicle to transport him to the Overseas Replacement Station (and, one may presume, for further transportation to Vietnam) was patently illegal as it would move him from his unit and was in conflict with his beliefs. *See United States v. Stewart,* 20 U.S.C.M.A. 272, 276, 43 C.M.R. 112, 116 (1971), at footnote 1.