Paul A. FORREST, Formerly Private First Class, U. S. Army, Appellant,

v.

UNITED STATES, Appellee.

No. 32,862.
CM 425279.

U. S. Court of Military Appeals.

June 27, 1977.

*Captain Leslie Wm. Adams* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Captain Anthony J. Siano, Captain John R. Osgood,* and *James L. Vonasch, Esquire.*

*Captain John F. DePue* argued the cause for Appellee, United States. With him on the brief were *Colonel Thomas H. Davis, Major John T. Sherwood, Jr.,* and *Captain Nancy Battaglia.*

Opinion of the Court

FLETCHER, Chief Judge:

The petitioner, formerly a Private First Class in the United States Army, has petitioned this Court for review of the Army Court of Military Review's decision on his petition for a certificate of innocence.[1] *Forrest v. United States,* CM 425279, 2 M.J. 870 (A.C.M.R.1976). We have grant-

1. Such a certificate may be issued only under the precise guidelines set forth in 28 U.S.C. § 2513, which provides:

   Unjust conviction and imprisonment.

   (a) Any person suing under section 1495 of this title must allege and prove that:

   (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he had been pardoned upon the stated ground of innocence and unjust conviction and

   (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

   (b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

   (c) No pardon or certified copy of a pardon shall be considered by the Court of Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.

ed review on two issues: (1) whether this Court has jurisdiction to review the Court of Military Review's denial of a certificate of innocence; and (2) if the answer to the first question is in the affirmative, was the action of the Court of Military Review correct in denying the requested certificate of innocence. Upon examination of the applicable statutes and case law, we determine that we do have jurisdiction to review the Court of Review's decision, and we conclude that within the ambit of our review the decision must be affirmed.

The petitioner was convicted of willful disobedience of a lawful command of a superior commissioned officer "to board the vehicle that was to transport him to the Overseas Replacement Station," in violation of Article 90, Uniform Code of Military Justice, 10 U.S.C. § 890. The finding and his sentence to a dishonorable discharge, total forfeitures, confinement at hard labor for 2 years, and reduction to the grade of Private E–1 were approved by the convening authority. The Army Court of Military Review, upon review of the case pursuant to Article 66, UCMJ, set aside the findings and sentence, and dismissed the charge. *United States v. Forrest*, 44 C.M.R. 692 (A.C.M.R.1971). Subsequently, he petitioned for a certificate of innocence. That court properly determined that the unjust conviction statute encompassed an unjust conviction by courts-martial,[2] and that un-

der the facts of this case, it was an appropriate forum to issue the certificate within the terms of 28 U.S.C. § 2513.[3]

A majority of the court concluded that although the petitioner's conviction had been set aside on the ground that he was not guilty,[4] he did not satisfy all the statutory conditions imposed as a prerequisite for the issuance of the certificate. The court[5] observed that the standard for the issuance of a certificate of innocence differs from that employed by a court in its determination of innocence or guilt of an accused, and that the intent of Congress had been for only those "truly innocent" to be accorded relief under the statute. *Osborn v. United States,* 322 F.2d 835, 840 (5th Cir. 1963).[6] The majority determined that the basis for the initial reversal had been that as the commanding general failed to properly process the petitioner's second application for a discharge as a conscientious objector under the provisions of AR 635–20, the evidence was insufficient to establish the legality of the order to Forrest beyond a reasonable doubt. Upon review of the record, it concluded the petitioner was not "truly innocent" simply because the question of whether he qualified as a conscientious objector under the provisions of the regulation had not been properly determined,[7] and, therefore, the record did not contain the proper basis for the issuance of a certificate of innocence.

(d) The Court may permit the plaintiff to prosecute such action in forma pauperis.
(e) The amount of damages awarded shall not exceed the sum of $5,000.
The certificate is a requisite for filing a claim against the United States for damages pursuant to 28 U.S.C. § 1495.

2. *Osborn v. United States,* 322 F.2d 835 (5th Cir. 1963); *Roberson v. United States,* 124 F.Supp. 857, 129 Ct.Cl. 581 (1954); *Cox v. United States,* 112 F.Supp. 494 (N.D.Cal.1953).

3. *McLean v. United States,* 73 F.Supp. 775 (W.D.S.C.1947).

4. *See* 28 U.S.C. § 2513(a)(1)–(2).

5. The dissenting judge shared the conclusion of the majority that a reversal based upon procedural defects or a failure of proof would not satisfy the requirements of the act.

6. *See Osborn v. United States, supra* (lack of jurisdiction); *United States v. Brunner,* 200 F.2d 276 (6th Cir. 1952) (improper use of privileged testimony); *Cratty v. United States,* 83 F.Supp. 897 (S.D.Ohio 1949) (statute of limitations). In each instance the court involved denied the relief sought.

7. The dissenting judge opined that the evidence indicated that the order was, in fact, illegal and, hence, Forrest's actions were not an offense against the United States, nor was the prosecution brought upon by "his own misconduct." *See Weiss v. United States,* 95 F.Supp. 176 (S.D.N.Y.1951); *United States v. Keegan,* 71 F.Supp. 623 (S.D.N.Y.1947). For the reasons enunciated in later portions of this opinion, although we can appreciate the validity of this position, we cannot accept it as determinative.

■ We have been urged by appellate defense counsel to conduct a de novo or "full review of the record," and to overturn the decision of the Army Court of Military Review as being contrary to the statutory standards. This we cannot do, for our standard for review must properly be limited to a determination of whether the lower court decision was an abuse of discretion in the application of 28 U.S.C. § 2513 to the record in the case. *Rigsbee v. United States,* 92 U.S.App.D.C. 244, 204 F.2d 70 (1953); *United States v. Brunner,* 200 F.2d 276 (6th Cir. 1952). As the U. S. Court of Appeals for the District of Columbia Circuit correctly observed in *Rigsbee,* Congress intended for the issuance of the certificate to be in the discretion of the proper forum, and to be more than a mere ministerial act. See also *United States v. Keegan,* 71 F.Supp. 623 (S.D.N.Y.1947). The reviewing court, therefore, can only set aside the lower court refusal to issue the certificate where it was plainly erroneous. Appellate defense counsels' reliance upon the Fifth Circuit's decision in *Osborn v. United States, supra,* for a different standard of review is misplaced. In *Osborn,* unlike this case, the court was compelled to conduct a full review of the record because the trial judge had failed to set forth his reasons for denial of the certificate as required.[8] The unusual factual situation present in *Osborn* does not persuade us that our standard for review can, or should be, anything other than that adopted in *Brunner* and *Rigsbee.* We feel that absent an abuse of discretion by the issuing forum, we cannot properly reverse that forum's decision.

The decision of the United States Army Court of Military Review is affirmed.

Judge PERRY concurs.

COOK, Judge (concurring in part and dissenting in part):

A proceeding for a certificate of innocence is civil in nature. *United States v.*

*Brunner,* 200 F.2d 276 (6th Cir. 1952). Its purpose is to establish, not just that the accused was acquitted of a criminal charge because there was reasonable doubt of his guilt, but that, in fact, he did not "commit any of the acts charged," or his acts "constituted no offense." 28 U.S.C. § 2513(a)(2). The statute creating the proceeding may, indeed, apply to a Court of Military Review as the Army court held, but it does not follow that an appeal from a determination of that court lies to this Court.

The Court of Appeals for the District of Columbia Circuit had observed, in *Rigsbee v. United States,* 92 U.S.App.D.C. 244, 204 F.2d 70, 73 n. 3 (1953), that the statute "does not in terms afford appellate review." Appellate civilian courts have reviewed trial decisions under the statute, but that authority has been exercised on the basis of its regular jurisdiction to review decisions of the trial courts. *United States v. Brunner, supra; Osborn v. United States,* 322 F.2d 835 (5th Cir. 1963). Recently, in *McPhail v. United States,* 1 M.J. 457 (1976), we reviewed the appellate and implicit supervisory jurisdiction of this Court. We concluded the Court could review actions that were taken "under the Uniform Code of Military Justice" which were "reasonably comprehended" within the provisions of the Uniform Code. As the proceeding which the Court is now asked to review is not, in my opinion, "reasonably comprehended" within the provisions of the Code, I believe we cannot review the correctness of the decision of the Court of Military Review.

Since the majority conclude that the Court has jurisdiction, I am constrained to examine the merits. It has been held in the civilian courts that an accused is not convicted within the meaning of section 2513 if the findings of guilty of the court-martial and sentence cannot be effectuated until completion of prescribed appellate review; consequently, if the charge against the ac-

---

8. The court in *Osborn* noted that the statute mandates that proof of the requisite facts shall be by a certificate of the issuing court, *Hadley v. United States,* 66 F.Supp. 140, 106 Ct.Cl. 819 (1946), and the facts found are intended to be conclusive on the issue of the claimant's innocence. See *Andolschek v. United States,* 77 F.Supp. 950, 111 Ct.Cl. 567 (1948).

cused is dismissed on review, he has not been convicted for the purpose of section 2513. *Cox v. United States,* 112 F.Supp. 494 (N.D.Cal.1953); *cf. McLean v. United States,* 73 F.Supp. 775 (W.D.S.C.1947), which dealt with a court-martial conviction ordered into execution by the convening authority as then allowed by Navy law. Article 53, Articles for the Government of the Navy; Naval Courts and Boards, 1937, § 469. I agree with this construction of the statute. Currently, Article 44, Uniform Code of Military Justice, 10 U.S.C. § 844, expressly provides that a finding of guilty is not final until after prescribed review of the case "has been fully completed," and Article 71 prohibits ordering into execution a sentence of the kind adjudged against the petitioner in this case before review is completed. Consequently, his conviction was merely inchoate; and, as the charge was dismissed on review, his conviction was not one within the scope of section 2513. But, even if section 2513 applies to inchoate findings of guilty, I agree with the majority that the Court of Military Review did not abuse its discretion in denying the accused's request for a certificate of innocence. I do so, however, for a different reason than they advance.

When the Court of Military Review overturned the accused's conviction it did so on the basis of a legal concept that was in dispute. *United States v. Stewart,* 20 U.S. C.M.A. 272, 43 C.M.R. 112 (1971). Thereafter, the matter was settled by this Court in a way that eliminated the ground upon which the petitioner had attacked the legality of the order he was convicted of having violated. *United States v. Lenox,* 21 U.S.C.M.A. 314, 45 C.M.R. 88 (1972). At the time the petitioner applied for the certificate of innocence, therefore, there was no impediment to the court-martial finding that the order he had violated was lawful. In the face of the clearly contradictory doctrine enunciated by this Court, I believe the Court of Military Review could properly disregard its prior legal ruling and conclude, from the facts, that the petitioner was not entitled to a certificate of innocence.