Carnies McMURRY, 435 38 3000, Corporal (E–4), U.S. Marine Corps, Petitioner,

v.

UNITED STATES, Respondent.

Misc. Docket No. 82–10.

U.S. Navy-Marine Corps Court of Military Review.

21 April 1983.

LCDR David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before SANDERS, Senior Judge, and MAY and CASSEL, JJ.

OPINION

PER CURIAM:

On 30 July 1975, a general court-martial convicted petitioner of wrongfully introducing 31.6 milligrams of heroin onto Marine Corps Air Station, El Toro, California, and of wrongfully possessing the same, violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The convening authority approved only the finding of guilty of possessing the heroin and having reassessed the trial court's sentence of a dishonorable discharge, confinement at hard labor for one year, total forfeitures and reduction to pay grade E–1, approved it. This Court affirmed the findings and sentence as approved below. *United States v. McMurry*, No. 76 0012 (N.C.M.R. 8 July 1976). Subsequently, however, the Court of Military Appeals determined that the evidence was insufficient to sustain the conviction of

possession, reversed our decision, and dismissed the charge. *United States v. McMurry,* 6 M.J. 348 (C.M.A.1979).

On 3 May 1982, petitioner submitted to the Court of Military Appeals his Petition for Certificate of Innocence and on 16 September 1982 the Court of Military Appeals forwarded the petition to this Court for consideration. *McMurry v. United States,* 14 M.J. 216 (C.M.A.1982) (summary disposition). Following our order of 1 October 1982 directing that the Judge Advocate General of the Navy appoint appellate counsel for respondent and, if appropriate, petitioner, and further directing that respondent show cause why the relief prayed for should not be granted, petitioner prayed that the Court of Military Appeals reconsider its previous order. On 20 January 1983 that Court denied the request. *McMurry v. United States,* 15 M.J. 173 (C.M.A.1983). The matter is now, therefore, before us for resolution.

■ A certificate of innocence is a civil remedy, *United States v. Brunner,* 200 F.2d 276 (6th Cir.1952), issued by a court when a petitioner complies with the precise guidelines set forth in the federal unjust conviction statute, 28 U.S.C. § 2513. That section, which is a prerequisite for suing the United States for damages under 28 U.S.C. § 1495, provides in pertinent part:

(a) Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he had been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia and he did not by misconduct or neglect cause or bring about his own prosecution.[1]

■ The decision whether to issue such a certificate lies within the discretion of the petitioned court. *Forrest v. United States,* 3 M.J. 173 (C.M.A.1977); *United States v. Keegan,* 71 F.Supp. 623 (S.D.N.Y.1947). In exercising its discretion, the court should keep in mind that 28 U.S.C. § 2513 is to be strictly construed. *Vincin v. United States,* 468 F.2d 930 (Ct.Cl.1972); *United States v. Keegan, supra.* For the reasons discussed *infra,* we decline to issue a certificate of innocence in the instant case.

It is clear that petitioner has satisfied 28 U.S.C. § 2513(a)(1) in that the Court of Military Appeals, upon finding that the evidence was insufficient to establish petitioner's guilt to the possession offense, reversed his conviction and dismissed the charge. *United States v. McMurry, supra.* Petitioner, however, has failed to affirmatively demonstrate that he did not commit "any of the acts charged" and that he "did not by misconduct or neglect cause or bring about his own prosecution" as required by 28 U.S.C. § 2513(a)(2). *Cf. Forrest v. United States,* 2 M.J. 870 (A.C.M.R.1976), *aff'd,* 3 M.J. 173 (C.M.A.1977); *Hall v. United States,* 4 M.J. 603 (A.C.M.R.1977), *pet. denied,* 4 M.J. 288 (C.M.A.1978).

---

1. The purpose of 28 U.S.C. § 2513 is to enable innocent persons convicted and punished for committing criminal offenses to recover damages under appropriate circumstances. The District Court in *United States v. Keegan,* 71 F.Supp. 623 (S.D.N.Y.1947), explains:

It has been said that it would be injurious to the public interest if a government hesitated to prosecute a suspected guilty person for fear of striking an innocent one. Nevertheless, it cannot be gainsaid that, where a sovereign government has punished a person for a crime of which the person was entirely innocent, in fairness and justice the injured person should be compensated. He cannot be made whole. The wrong cannot be wholly righted, but in such instances, at the very least, the injured person can be compensated by the sovereign.

*Id.* at 626. The *Keegan* court goes on to provide an exhaustive analysis of the unjust conviction statute based upon its legislative history. *See id.* at 626–38.

██ The unjust conviction statute contemplates that the petitioned court be satisfied that a petitioner is "truly innocent" before relief is accorded. *Forrest v. United States*, 3 M.J. 173 (C.M.A.1977); *Rigsbee v. United States*, 204 F.2d 70 (D.C.Cir.1953). Failure of the prosecution to prove a petitioner's guilt beyond a reasonable doubt does not satisfy this statutory requirement that a petitioner's innocence be affirmatively established. *Forrest v. United States*, 2 M.J. 870 (A.C.M.R.1976), aff'd, 3 M.J. 173 (C.M.A.1977); *United States v. Brunner, supra.* As stated by the court in *Osborn v. United States*, 322 F.2d 835 (5th Cir.1963):

> The legislative history indicates that Congress carefully limited the availability of the Unjust Conviction Statute to those who are truly innocent. Thus, the House Judiciary Committee, in recommending passage of the House Bill, explained that:
>
> "[T]he claimant must be innocent of the particular charge and of any other crime or offense that any of his acts might constitute. The claimant cannot be one whose innocence is based on technical or procedural grounds, such as lack of sufficient evidence, or a faulty indictment—such cases as where the indictment may fail on the original count but claimant may yet be guilty of another or minor offense."

*Id.* at 840, quoting H.R.Rep. No. 2299, 75th Cong., 3d Session 2 (footnote omitted).

██ The reversal of petitioner's conviction upon the basis that his guilt was not proven beyond a reasonable doubt is, therefore, insufficient in itself to qualify petitioner for relief under 28 U.S.C. § 2513. Petitioner must further establish to our satisfaction that he is indeed truly innocent of the offense charged. Petitioner, however, has not met this affirmative statutory burden.

We also find that petitioner failed to demonstrate that his own misconduct did not contribute as a cause of his prosecution.

*See* 28 U.S.C. § 2513(a)(2). In fact, the contrary is evident. The record indicates that he was involved with drugs and, while not convicted of the offense, possessed heroin on a date several days prior to the offense of which he was convicted.[2] Furthermore, while petitioner did not know the exact location of the heroin, he permitted his roommate to hide it in his barracks room. We need not speculate as to whether this misconduct on the part of petitioner constitutes criminal behavior. The unjust conviction statute does not require such misconduct to amount to a crime. *Forrest v. United States*, 2 M.J. 870 (A.C.M.R.1976), aff'd, 3 M.J. 173 (C.M.A.1977); *Weiss v. United States*, 95 F.Supp. 176 (S.D.N.Y. 1951). This interpretation of the statute "carries out simply the equitable maxim that no one shall profit by his own wrong or come into court with unclean hands." *United States v. Keegan, supra* at 628.

Accordingly, the petition for a certificate of innocence is denied.

**2.** We observe, as did the Court of Military Appeals in *United States v. McMurry, supra* at 350 n. 9, that the record shows that petitioner possessed heroin on 4 April 1975, but that he could not have been convicted of that offense under the specification of which he was convicted. The specification charged him with possession of heroin on or about 11 April 1975.