LittletoN, -Judge,
delivered the opinion of the court:
The patent in suit describes an identification device which includes two elements — (1) a container and (2) identification data to be placed in the container. The container is described and claimed as a two-part casing hingedly connected and provided with an opening or window on each side adapted to receive a' plurality of disk-like members hinged alternately at opposite sides. Such disks may contain suitable identifying information, such as a photograph, name, address, etc., and the disks forming a chart may *153 be folded one upon another to produce an accordion-like structure capable of extension or of being folded to a small compass.
The two elements of the combination are designed to be made in a compact unit and carried on the person of its owner or in a pocket of the apparel. When the chart is in position within the holder a photograph of the owner appears through a window of one of the part casings and through the window of the other part may be disclosed the name and address. Upon the other face of the connected disks of the chart, inside the casing, may be placed the fingerprints, enlistment dates, or other identifying information concerning the person which it describes. The two members of the container are hinged at one point so that the container may be readily opened and the information therein readily inspected by extending the accordion-like chart (finding 4).
The evidence of record clearly shows that plaintiff’s patent is invalid for lack of invention (finding 22) for the reason that every element of the single claim of the patent has been met by disclosures in prior patents set forth and described in findings 16,17, and 18. These patents disclose that it was old for more than two years prior to May 18, 1932, the filing date of the patent in suit, to provide a two-part casing hinged together to contain an extensible memorandum pad or chart of a plurality of disk-like members hinged alternately at opposite sides, which chart or pad may contain identifying information, photographs, and in connection with which the casing is provided with exposure openings on both faces to exhibit indicia on the pad memorandum disk next to such openings.
The evideu.ce also establishes, and wre have found as a fact (finding 12), that the Certificates of Identification and the Continuous Discharge Book used by the defendant, and alleged by plaintiff to constitute an infringement of the Eulong patent, do not respond to claim 1 of the patent in suit. Plaintiff contends that this finding is erroneous and that a finding of infringement should be made for the reason that the Certificates and Discharge Books were used by the defendant for the same purpose as intended by the patent in suit. But the claim of the patent, if valid, cannot be thus *154 broadly construed. The claim must be limited to the device or structure specified in the claim. The patent statute requires a patentee to specify and point out the parts which he claims to be new, and in White v. Dunbar, 119 U. S. 47, 52, the court said: “The claim is a statutory requirement, prescribed for the very purpose of making the patentee define precisely what his invention is; and it is unjust to the public, as well as an evasion of the law, to construe it in a manner different from the plain import of its terms.” The claim of the patent in suit, even if valid, is specific in scope and very < limited. There is no part of any element set forth in the claim of the patent in suit in any of the defendant’s structures. The devices are not similar; they are not operated or used in the same manner; and there is no feature, of similarity, except for the fact that both the patent in suit and the defendant’s Continuous Discharge Book provide means for the reception of a photograph, a thumbprint, and descriptive matter of the owner. However, the Continuous Discharge Book used by the defendant more nearly resembles the books shown in prior patents (finding 16) than any feature of the device shown in the patent in suit.
Plaintiff also contends that the prior patents offered in evidence by the defendant should be excluded and no findings made with reference thereto for the reason that they were incompetent as evidence because they did not contain,, when offered in evidence, the Letters Patent Certificate of. the Commissioner of Patents and the seal of the Patent Office. But this was not necessary to make prior art patents competent evidence. The prior art patents offered, and received in evidence show when they were filed and granted, and they were so offered and received in evidence under a stipulation of the parties, that certification thereof was waived.
Plaintiff is not entitled to recover, and the petition is dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.