**IDENTIFICATION DEVICES, Inc. v. UNITED STATES.**

No. 7665.

United States Court of Appeals for the District of Columbia.

Decided May 5, 1941.

James M. Rulong, of Gainesville, Fla., pro hac vice, by special leave of court, for appellant.

Edward M. Curran, U. S. Atty., and John L. Laskey and William S. Tarver, Asst. U. S. Attys., all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

The appeal is from an order of the District Court dismissing appellant's suit against the United States for alleged infringement of letters patent (No. 1,910,-476) covering an identification device. It consists of a circular metal case, somewhat like a watch case, enclosing paper or parchment upon which may be written personal information concerning the carrier. The patent was issued to James M. Rulong, who assigned it to appellant in exchange for all of its stock, which he now holds. The appeal is in forma pauperis and Rulong, who is not an attorney, appeared for appellant.

The claimed infringement is alleged to have been made pursuant to authority of J. Edgar Hoover, as Director of the Federal Bureau of Investigation. Appellant asserts that after the patent was issued, repeated efforts were made to secure an arrangement for use and adoption of the device by the Bureau, with appropriate compensation, but were unsuccessful. Nevertheless it is charged that the Bureau has infringed appellant's patent by making and distributing a device which has that effect. Appellant seeks reasonable compensation and an order restraining further infringement until damages are assessed and arrangements for royalties for continued use are made.

The only question we need to consider is whether the District Court has jurisdiction of the cause. The Government asserts that exclusive jurisdiction of claims of the character in suit has been conferred upon the Court of Claims by the Act of Congress approved June 25, 1910, 36 Stat. 851, c. 423, as amended July 1, 1918, 40 Stat. 705, c. 114, 35 U.S.C.A. § 68, which as amended, and so far as is material, provides: "Whenever an invention described in and covered by a patent of the United States shall be used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, such owner's

remedy shall be by suit against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture. The Court of Claims shall not entertain a suit or award compensation under the provisions of this section where the claim for compensation is based on the use or manufacture by or for the United States of any article owned, leased, used by, or in the possession of the United States prior to June 25, 1910. In any such suit the United States may avail itself of any and all defenses, general or special, that might be pleaded by a defendant in an action for infringement, as set forth in this chapter, or otherwise. * * *"

We think the Government's position is right and the order must be affirmed.

■ The suit is for unlicensed use of a patent. It is against the United States. Its consent to be sued is essential to jurisdiction. The statute has given consent to suit in the Court of Claims. It is "for the recovery of his reasonable *and entire* compensation for such use * * *." (Italics supplied) This clearly shows that the remedy is exclusive. Consequently the District Court was without jurisdiction. Cf. Crozier v. Fried. Krupp Aktiengesellschaft, 1912, 224 U.S. 290, 32 S.Ct. 488, 56 L.Ed. 771.

But appellant says that its case falls within Sperry Gyroscope Co. v. Arma Engineering Co., 1926, 271 U.S. 232, 46 S.Ct. 505, 70 L.Ed. 922, in which it was urged that the statute in question ousted the District Court of jurisdiction. The suit was between private parties, not against the United States, and the question was whether the statute relieved the defendant of liability. The court held that the question went to the merits and that the District Court had jurisdiction. Whether the statute exempts from liability a manufacturer who produces materials for the Government is, of course, an entirely different question from whether the Government itself has consented to be sued.

■ Appellant also says that to deny it relief in the District Court will be in effect to permit its property to be taken by eminent domain without just compensation. It bases this upon the fact that the Court of Claims has denied relief in a suit brought there, substantially identical with the present one except that acts of infringement, by other governmental agencies, were set forth. Identification Devices, Inc., et al. v. United States, 1939, 89 Ct.Cl. 141, certiorari denied, 1939, 308 U.S. 570, 60 S.Ct. 84, 84 L.Ed. 478. This furnishes, if anything, additional reason for denying relief in this cause.[1] The fact that relief has been denied in the appropriate forum does not confer jurisdiction upon another. Nor does it matter that the present suit seeks injunctive relief. Crozier v. Fried. Krupp Aktiengesellschaft, supra, clearly rules this point, and also holds that suit in the Court of Claims affords an adequate remedy for ascertaining and giving compensation for the property taken by the Government. The argument from eminent domain is therefore without merit.

Other contentions need not be considered. The order is affirmed.

[1] Whether or not the decision is technically res judicata of the issues involved here, it would be strongly persuasive that the complaint does not state a claim upon which relief can be allowed, one of the grounds upon which the motion to dismiss was granted.