## DEARBORN CHEMICAL CO. v. ARVEY CORP.

### Civ. No. 52 C 1904.

United States District Court
N. D. Illinois, E. D.
July 14, 1953.

370

Charles W. Hills, Chicago, Ill., for plaintiff.

Gary, Desmond & Parker, Chicago, Ill., for defendant.

PERRY, District Judge.

In this action the plaintiff seeks appropriate relief for the alleged infringement of Patent No. 2,311,572 issued to the plaintiff on February 16, 1943. Paragraph 7 of the complaint as amended alleges that "within six (6) years prior to the date of filing this complaint, defendant has also, without license from plaintiff manufactured and sold certain coated wrapping material embodying said patented invention for and to the United States. Plaintiff is informed and believes that, in securing said orders, the defendant has obligated itself and entered into an indemnity agreement with said United States Government, or a purchaser for said Government, indemnifying said Government and purchaser from loss or damages resulting from any infringement arising from the manufacture, sale or use of said coated wrapping material and that said indemnity agreement is now in full force and effect, and by reason of said action defendant has waived any rights, immunities, or defenses to the recovery of damages provided under Title 28 U.S.C.A. § 1498 and 35 U.S.C.A. § 94."

The defendant prosecutes a motion to strike this paragraph on the ground that its subject matter is irrelevant, impertinent and immaterial.

The pertinent paragraph of 28 U.S.C.A. § 1498 provides as follows:

"Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner, thereof or lawful right to use or manufacture the same the owner's remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture."

The history and purpose of this provision are fully set forth in the case of Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 48 S.Ct. 194, 197, 72 L.Ed. 303:

"The purpose of the amendment was to relieve the contractor entirely from liability of every kind for the infringe-

ments of patents in manufacturing anything for the Government, and to limit the owner of the patent and his assigns and all claiming through or under him to suit against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture. The word 'entire' emphasizes the exclusive and comprehensive character of the remedy provided. As the Solicitor General says in his brief with respect to the act, it is more than a waiver of immunity and effects an assumption of liability by the Government * * *. The intention and purpose of Congress in the act of 1918 was to stimulate contractors to furnish what was needed for the war, without fear of becoming liable themselves for infringements to inventors or the owners or assignees of patents. The letter of the Assistant Secretary of the Navy, upon which the act of 1918 was passed, leaves no doubt that this was the occasion for it. To accomplish this governmental purpose, Congress exercised the power to take away the right of the owner of the patent to recover from the contractor for infringements."

 Judicial approval of the plaintiff's claim of waiver, as set out in the 7th Paragraph of the complaint, would necessarily lead to the frustration of the congressional intent as it has been announced by the Supreme Court of the United States. The purpose of the quoted section of the statute is basically and primarily a governmental one, "The statute was designed to furnish the patentees an adequate and effective remedy while saving the government from having its public works tied up and thwarted while private parties are carrying on a long drawn out litigation." Broome v. Hardie-Tynes Manufacturing Company, 5 Cir., 92 F.2d 886, 888. Although injunctive relief is more apt to promote such obstruction of governmental activities, Congress in this legislation did not limit the patentee's action in the Court of Claims solely to such relief. The entire remedy shall be against the United States in the Court of Claims, and it is exclusive.

Broome v. Hardie-Tynes Mfg. Co., supra, Pollen v. Ford Instrument Co., Inc., 2 Cir., 108 F.2d 762. Western Electric Co., Inc. v. Hammond, 135 F.2d 283, Bereslavsky v. Esso Standard Oil Co., 4 Cir., 175 F.2d 148. Nor does the language of the statute warrant any inference that the Government is thereby prevented from engaging in the sound business practice of securing indemnity agreements from any of its suppliers.

As to Paragraph 7 of this complaint the plaintiff, by statute, has stated a claim against the United States and not against this defendant. It, therefore, must be stricken.