**JOHN J. McMULLEN ASSOCIATES, INC., a New York Corporation, Appellants,**

**v.**

**STATE BOARD OF HIGHER EDUCATION, a public corporation of Oregon, et al., Appellees.**

**No. 22225.**

United States Court of Appeals Ninth Circuit.

Jan. 23, 1969.

Certiorari Denied June 9, 1969.
See 89 S.Ct. 2016.

---

1. Cf. United States v. Lybrand, 279 F.Supp. 74 (E.D.N.Y.1967).

Martin Fleit and Harvey B. Jacobson, Jr., of Stevens, Davis, Miller & Mosher, Washington, D. C., Erskine B. Wood, of Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for appellants.

Joseph B. Sparkman, Spec. Asst. Atty. Gen., of Buckhorn, Blore, Klarquist & Sparkman, Wm. B. Shively, Portland, Or., Robert Y. Thornton, Atty. Gen., Wolf Von Otterstedt, Eugene, Or., for appellees.

Before HAMLEY, HAMLIN and HUFSTEDLER, Circuit Judges.

**PER CURIAM:**

■ On this appeal, the principal issue is whether the district court had jurisdiction to entertain this suit for patent infringement. It did not have jurisdiction, and the case must be taken to the Court of Claims, if the patented devises, used in research financed in part by National Science Foundation grants, were "used or manufactured by or for the United States" within the meaning of 28 U.S.C. § 1498 (1964).

■ For reasons stated in the opinion of the district court, reported in 268 F. Supp. 735, we hold that, in this particular case, the patented articles involved were made for or were being used by the United States, and that the claims of infringement must therefore be dismissed. However, we do not necessarily endorse the district court's general statement that an interpretation of section 1498 which includes all research grants is "required."

Rather than pass upon this general proposition, we restrict the holding to the facts of this case. Here, the patented articles were used in work of vital importance to the government. Additionally, the National Science Foundation grant appears to have been primarily a financing device for work of special interest to the United States Navy. Moreover, the ship employing the devices was used only for research approved and financed by the government.

■ While the above holding does not, in terms, dispose of plaintiff's trademark claim, we regard that claim as frivolous and properly dismissed for that reason. The record indicates that the United States Navy and the National Science Foundation knew with whom they were dealing and that there was no confusion or palming off by reason of the use, by defendants, of a name similar to plaintiff's trademark.

Affirmed.