**Theodore ZIMMERMAN, Appellant,**

**v.**

**The UNITED STATES GOVERNMENT,** United States Department of Commerce, Patent Office, Washington, D. C.; Edwin L. Reynolds, First Assistant Commissioner; Mr. L. H. Baer, United States Civil Service Commission Regional Director; Picatinny Arsenal; Isadore G. Nadel; Sidney Bernstein; and Joseph Fillipone.

**No. 18002.**

United States Court of Appeals, Third Circuit.

Argued Jan. 8, 1970.

Decided Feb. 19, 1970.

Theodore Zimmerman, pro se.

Ronald R. Glancz, Department of Justice-Civil Division, Washington, D. C., (William D. Ruckelshaus, Asst. Atty. Gen., Frederick B. Lacey, U. S. Atty., Morton Hollander, Attorney, Department of Justice, Washington, D. C., on the brief), for appellee.

Before BIGGS, VAN DUSEN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

Presented here is the question whether the district court had jurisdiction to review a determination by the Commissioner of Patents that the government is entitled to a royalty-free license in appellant's invention. The district court answered this question in the negative and dismissed for want of jurisdiction. We affirm.

Appellant is a federal civil service employee assigned as a chemical engineer to the Department of the Army. Following his invention of a waterproof combustible cartridge case, the Army determined that "pursuant to paragraph 1(b) of Executive Order 10096, * * * the entire right, title and interest in the invention be left with the inventor, subject to a non-exclusive, irrevocable, royalty-free license to the Government with power to grant licenses for all Government purposes." The Commissioner of Patents affirmed this decision on June 8, 1967, and twice denied reconsideration. Appellant then filed his Complaint in the court below "demand[ing] that he alone be assigned exclusive rights" in the invention, and seeking declaratory and injunctive relief. Prior to the institution of this action, appellant filed an application for a patent which is still pending.

■ We think it necessary to observe at the outset that the district court's characterization of this action does not control our disposition of the case. At the hearing on the government's motion to dismiss, the trial judge expressed his understanding that the claim was essentially for money damages rather than equitable relief.[1] Taking this view of the case, we would certainly agree that the Court of Claims would be the appropriate forum for a properly timed action. 28 U.S.C. § 1498(a) provides that once a patent has issued on an invention which is thereafter "used or manufactured by or for the United States without license * * * or lawful right * * *, the owner's remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture."[2] And in certain circumstances, "[a] Government employee shall have the right to bring suit against the Government [in the Court of Claims] under this section." By brief and argument to this court, however, the government has acknowledged that appellant is not directly or obliquely seeking "compensation" from the United States.

That appellant is asking for equitable relief does not, however, remove from our consideration the impact of section 1498. Prior to the 1952 amendment to this section, Congress had provided that "[t]his section shall not confer a right of action on any patentee who, when he makes * * * a claim [for compensation], is in the employment or service of the United States, * * * and shall not apply to any device discovered or invented by an employee during the time of such employment or service." Thus, until the 1952 revision, an employee of the government could not maintain a suit against the United States for a determination of rights in an employee invention. Myers v. United States, 177

---

1. The Court: You are not suing on an equitable claim; you are suing for money. Money is what you want.
   Mr. Zimmerman: On the outside, but not from the government.
   The Court: Money.

2. The Court of Claims has no jurisdiction to award equitable relief. United States v. King, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1968).

F.Supp. 952, 953 (Ct.Cl.1959). See Moore v. United States, 249 U.S. 487, 39 S.Ct. 322, 63 L.Ed. 721 (1919). Moreover, the legislative history of the revision confirms the Congressional view that government employees-patentees did not have a cause of action against the government prior to 1952. The House Judiciary Report stated: "Section 1498 of title 28 was written into the act of June 25, 1910, * * * to prevent a Government employee who made an invention in the course of his official duties from maintaining a claim for the use of the invention by the Government."[3] And the Report makes it clear that the amendment was specifically designed to permit suits against the United States in the Court of Claims: "[The 1952 amendment] will * * * permit a Government employee who makes an invention completely outside of his official function to maintain a suit against the Government."[4]

■ In sum, the revision to section 1498 conferred upon government employees-patentees a right of action against the United States that previously had been nonexistent. Congress thereby relinquished governmental immunity and consented to suit in the Court of Claims in carefully circumscribed situations where the invention was not related to the official functions of the employee, or where government time, facilities, or materials were not used.[5]

We believe that this remedy was intended to be exclusive. First, it is the only remedy created in an area in which the government traditionally has been completely immune from suit. Second, closely related cases in which non-government employees have sought compensation from the United States through patent infringement suits in district courts have held that section 1498 establishes the sole avenue for relief. Stelma, Inc. v. Bridge Electronics Co., 300 F.2d 761 (3 Cir.1962); Identification Devices, Inc. v. United States, 74 App. D.C. 26, 121 F.2d 895 (1941); John J. McMullen Assoc. v. State Board of Higher Educ., 268 F.Supp. 735 (D.Ore. 1967); Dearborn Chemical Co. v. Arvey Corp., 114 F.Supp. 369 (N.D.Ill.1953). In *Indentification Devices, supra,* 121 F.2d at 896, Mr. Justice Rutledge, sitting as a circuit judge, held:

> The suit is for unlicensed use of a patent. It is against the United States. Its consent to be sued is essential to jurisdiction. The statute [28 U.S.C. § 1498] has given consent to suit in the Court of Claims. It is "for the recovery of his reasonable *and entire* compensation for such use * * *." (Italics supplied.) *This clearly shows that the remedy is exclusive.* Consequently the District Court was without jurisdiction.

> *     *     *     *     *     *

> *Nor does it matter that the present suit seeks injunctive relief.* Crozier v. Fried. Krupp Aktiengesellschaft, [224 U.S. 290, 32 S.Ct. 488, 56 L.Ed. 771 (1912)], clearly rules this point, and also holds that *suit in the Court of Claims affords an adequate remedy* for ascertaining and giving compensation for the property taken by the Government.

(Emphasis supplied.)

We conclude that except for the section 1498 action to which the government has consented, the doctrine of sovereign immunity applies with full force.

---

3. Report of House Committee on the Judiciary, House Report No. 1726, 82nd Cong., 2nd Sess., 1952 U.S.Code Cong. and Admin.News, pp. 2322, 2323.

4. *Id.* at p. 2324.

5. This section shall not confer a right of action on any patentee * * * with respect to any invention discovered or invented by a person while in the employment or service of the United States, where the invention was related to the official functions of the employee, in cases in which such functions included research and development, or in the making of which Government time, materials or facilities were used.

■ Appellant contends, however, that sovereign immunity is no bar to his action for the reasons that: (1) the individual defendants can be held personally liable; (2) absent a judicial determination that the government is entitled to a license in the invention, "the government would not be giving up money or anything else with a money value from the public treasury or domain. The United States * * * is being asked to cease and desist from seizing patent rights which do not belong to the Government." (3) the finality provision of Executive Order 10096(4) (d) authorizes the "tak[ing of] property * * * in violation of due process guaranteed under the Fifth and Fourteenth Amendments" and is void for vagueness.[6]

The short answer to appellant's first contention is simply that he is not seeking to hold the individually named defendants personally liable for their actions. He is not asking that they respond in damages, see Larson v. Domestic & Foreign Corp., 337 U.S. 682, 688, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), and his own pleadings conclusively reveal that the request for equitable relief is directed against the government. The essential nature and effect of this suit would not be altered even if it is true that the individual defendants could be held personally accountable to appellant.

In Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963), the Supreme Court set forth the general rule that an action is against the sovereign if " 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' Land v. Dollar, 330 U.S. 731, 738 [67 S.Ct. 1009, 1012, 91 L.Ed. 1209] (1947), or if the effect of the judgment would be 'to restrain the government from acting, or to compel it to act.' Larson v. Domestic & Foreign Corp., *supra*, at 704 [69 S.Ct. at 1468, 93 L.Ed. 1628]." Exceptions to this rule would involve "(1) action by officers beyond their statutory powers and (2) even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void. Malone v. Bowdoin [369 U.S. 643, at 647, 82 S.Ct. 980, at 983, 8 L.Ed.2d 168 (1962)]." *Id.* at 621–622, 83 S.Ct. at 1007.

Appellant's statement that the government "would not be giving up money * * * from the public treasury or domain," Land v. Dollar, *supra*, is specious in light of his continued insistence that

---

6. Executive Order 10096 provides, in relevant part:

1. The following basic policy is established for all Governmental agencies with respect to inventions hereafter made by any Government employee:

(a) The Government shall obtain the entire right, title and interest in and to all inventions made by any Government employee (1) during working hours, or (2) with a contribution by the Government of facilities, equipment, materials, funds, or information, or of time or services of other Government employees on official duty, or (3) which bear a direct relation to or are made in consequence of the official duties of the inventor.

(b) In any case where the contribution of the Government, as measured by any one or more of the criteria set forth in paragraph (a) last above, to the invention is insufficient equitably to justify a requirement of assignment to the Government of the entire right, title and interest to such invention, or in any case

where the Government has insufficient interest in an invention to obtain entire right, title and interest therein * * *, the Government agency concerned, subject to the approval of [the Commissioner of Patents] * * *, shall leave title to such invention in the employee, subject, however, to the reservation to the Government of a non-exclusive, irrevocable, royalty-free license in the invention * * *.

＊ ＊ ＊ ＊ ＊

4. With a view to obtaining uniform application of the policies set out in this order and uniform operations thereunder, the [Commissioner of Patents] is authorized and directed:

＊ ＊ ＊ ＊ ＊

(d) To determine with finality any controversies or disputes between any Government agency and its employees, to the extent submitted by any party to the dispute, concerning the ownership of inventions made by such employee or rights therein * * *.

his suit is for equitable relief rather than money damages. His acknowledgment that the "United States * * * is being asked to cease and desist" is, however, pertinent, for, to be sure, the effect of a declaratory judgment and injunction in appellant's favor would be to "restrain the government from acting." Larson v. Domestic & Foreign Corp., *supra*. And appellant's whimsical, albeit sincere, assertion that the government is not entitled to any interest in the invention is the precise substantive issue that would be resolved by a timely action in the Court of Claims, pursuant to 28 U.S. C. § 1498.

■ Moreover, the stark assertion that the government is endeavoring to take property without due process of law is insufficient to bring this case within the Malone v. Bowdoin, *supra*, exceptions to the general rule. There is no claim that the actions of the individual defendants were *ultra vires*, and the attack on the finality provision of Executive Order 10096(4) (d) cannot succeed. As Professor Jaffe has observed: "A statute, for example, may expressly or by implication provide that an administrative determination shall be 'final'," although "a court * * * may hold that it should not be interpreted to exclude judicial question of the agency's 'jurisdiction' or of its alleged failure to observe procedural regularity." But, "[a] statute may indeed exclude all occasions of judicial intervention." Jaffe, Judicial Control of Administrative Actions 153–54 (Abridged Student Ed. 1965). Appellant has not challenged the jurisdiction of the Commissioner of Patents to review agency determinations. And, although he states that he was denied a hearing to which he was entitled by 37 C.F.R. 300.7(c), 27 Fed.Reg. 3289 (April 6, 1962), no timely request for such hearing was submitted. Beyond this, appellant does not argue that he was the victim of procedural irregularities. But more importantly, the Congressional provision in section 1498 for actions in the Court of Claims undercuts the contention that the Commissioner's

decision is in fact "final". The respective rights of the government and inventor may be judicially determined, not on review, but *de novo* in that court in an action for compensation after a patent has issued. Finally, appellant's allegation that the Executive Order is void for vagueness is too insubstantial to require discussion.

■ Although appellant has not invited our attention to the possible jurisdictional impact of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, we think it appropriate to mention that the Act cannot serve as an independent basis for jurisdiction here. In our recent case of Charlton v. United States, 412 F.2d 390 (3 Cir.1969), Judge Stahl noted in his concurring opinion: "There continues to be a dispute in the courts and in academic circles as to whether the Administrative Procedure Act is jurisdictional, i. e., whether the Act itself is an affirmative grant of jurisdiction to the district courts to review agency action according to its terms absent any other basis for jurisdiction." *Id.* at 396. In an earlier case, however, this court characterized the A.P.A. as being "clearly remedial and not jurisdictional" and stated that there "is nothing in * * * the Act which extends the jurisdiction of either the district courts or the appellate courts to cases not otherwise within their competence." Local 542, International Union of Operating Engineers v. N.L.R.B., 328 F.2d 850, 854 (3 Cir.1964), cert. denied, 379 U.S. 826, 85 S.Ct. 52, 13 L.Ed.2d 35 (1964). Other circuits have reached the same conclusion. *E. g.*, Pan American World Airways, Inc. v. C.A.B., 129 U.S.App.D.C. 159, 392 F.2d 483, 494 (1968); Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe, 370 F.2d 529, 532 (8 Cir.1967); Ove Gustavsson Contracting Co. v. Floete, 278 F.2d 912, 914 (2 Cir.), cert. denied, 364 U.S. 894, 81 S.Ct. 225, 5 L.Ed.2d 188 (1960). *But see* Toilet Goods Ass'n v. Gardner, 360 F.2d 677 n. 1 (2 Cir.1966), aff'd., 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967). No Supreme Court decision

holds that section 10 of the A.P.A. is a grant of jurisdiction.[7] We therefore adhere to this court's reasoning in *Local 542, International Operating Engineers, supra:*

We are acutely aware of the disquiet generated by the concept of sovereign immunity.[8] What Mr. Justice Douglas said in 1962 can surely be no less apposite today: "Sovereign immunity has become more and more out of date, as the powers of the Government and its vast bureaucracy have increased." Malone v. Bowdoin, *supra*, 369 U.S. at 652, 82 S.Ct. at 986 (dissenting opinion). One need not be possessed of great perspicacity to appreciate that the pervasiveness of the state has dramatically magnified the potential for conflicts between the government and its citizens. Recognizing that the doctrine of governmental immunity has some continuing conceptual validity, some nonlogical nerve still jangles at the discordance of that Sovereign anthem when played to a citizen who is aggrieved and yet remedyless.

As we have stated earlier, however, appellant is not without a remedy. He is not being told that he must forego his day in court. By virtue of section 1498 of title 28 of the United States Code, Congress has created the opportunity for appellant to challenge, by a suit for compensation, the interest of the government in his invention. That this action must await a determination of the invention's patentability is eminently sensible, for until that time appellant simply has no claim to royalties for the use of the invention.[9]

Still, appellant urges that the government, by never using the invention, can cut off a resort to the Court of Claims, and that in the absence of a determination of respective rights, no commercial contractor will be willing to purchase appellant's rights in the invention. This reasoning says too much. An assignee of rights in an invention can never be certain—even after a patent issues—that the rights he purchased are exclusive. The myriad patent infringement cases successfully defended by counterclaims of patent invalidity eloquently attest to the absence of complete assurance of exclusivity. And if the government chooses not to use the invention, neither appellant nor any assignee would have any complaint on that score.

The present action is against the United States and is a suit to which the

**7.** Byse and Fiocca, Section 1361 of the Mandamus and Venue Act of 1962 and "Nonstatutory" Judicial Review of Federal Administrative Action, 81 Harv.L. Rev. 308, 329 (1967), point out, citing Rusk v. Cort, 369 U.S. 367, 371–372, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962), that the Supreme Court has on occasion seemed to assume that section 10 of the A.P.A. is jurisdictional. However, Mr. Justice Brennan's reference in his concurring opinion in that case to section 10 and the Declaratory Judgment Act as "general grants of jurisdiction", *id.* at 380, 82 S.Ct. at 795, "may have intended another nuance of the term 'jurisdiction,' for it is well established that the Declaratory Judgment Act is not a grant of jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 [70 S. Ct. 876, 94 L.Ed. 1194] (1950)."

**8.** The Administrative Conference of the United States recently considered a proposal to abolish the federal defense of sovereign immunity in actions seeking relief other than money damages and stating a claim challenging official action or non-action. The proposed amendment to the Administrative Procedure Act, 5 U. S.C. §§ 702–703, would apply only to agencies, in a manner consistent with other provisions of the Act. Significantly, "[w]here Congress has statutorily consented to suit and the remedy provided is intended to be the exclusive remedy, the defense of sovereign immunity would remain available." 38 Law Week 2242 (Oct. 28, 1969).

**9.** Appellant's contention that "this suit is not premature because * * * no private contractor will invest funds or enter into any negotiations until ownership of *patent rights* are [sic] determined," is self-defeating. Manifestly, this action against the government will not determine ownership of patent rights.

Government has not consented. Congress has provided an exclusive and adequate remedy in the Court of Claims. The district court was therefore without jurisdiction.

The judgment of the district court will be affirmed.