William CALLOWAY and Kenneth Calloway, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 76–280–C.

United States District Court, E. D. Oklahoma.

March 23, 1977.

Jesse L. Leeds, Muskogee, Okl., for plaintiffs.

Betty Outhier Williams, Muskogee, Okl., Asst. U. S. Atty., for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

MORRIS, Chief Judge.

This action is before the court on the motion of the defendant to dismiss for lack of jurisdiction. The defendant has submitted a brief in support of its motion and the plaintiffs have responded with a brief.

In this action plaintiffs seek damages for unjust imprisonment. Plaintiffs were arrested in November 1974; indicted by a grand jury January 22, 1975; and found guilty by a jury on March 19, 1975. Plaintiff's convictions were reversed on appeal and a new trial was held in May 1976. Plaintiffs were acquitted by the jury in the second trial. Plaintiffs were confined from the date of their arrest until the date of the acquittal.

Plaintiffs assert jurisdiction in this court on the basis of 28 U.S.C. §§ 1495, 2513 and 1346. Defendant contends that none of these statutes confers jurisdiction on this court as to plaintiffs' claim.

28 U.S.C. § 1495 provides:

The Court of Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned. 28 U.S.C. § 1495.

28 U.S.C. § 2513 sets forth the procedure to be followed in asserting claims arising under § 1495. Section 2513 provides:

(a) Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

(c) No pardon or certified copy of a pardon shall be considered by the Court of Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.

(d) The Court may permit the plaintiff to prosecute such action in forma pauperis.

(e) The amount of damages awarded shall not exceed the sum of $5,000. 28 U.S.C. § 2513.

28 U.S.C. § 1346 provides, in relevant part:

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

.    .    .    .    .

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Plaintiffs argue, in effect, that § 1495 is not an exclusive jurisdictional grant and that their claim pursuant to § 1495 is within the jurisdiction granted by that portion of the Tucker Act (§ 1346) which gives the district courts jurisdiction of any "claim against the United States, not exceeding $10,000 in amount, founded . . . upon . . . [an] Act of Congress. . . ."

Defendant argues that the legislative history of these statutes shows that Congress intended to confer exclusive jurisdiction over such actions on the Court of Claims. Defendant further argues that plaintiffs' claims are not brought within the district court's jurisdiction by that portion of the Tucker Act relied upon by plaintiffs. Finally, defendant contends that the cases support the view that the district courts do not have jurisdiction of such cases.

At the outset, the court notes that in none of the cases relied upon by defendant was the jurisdictional question presented to the court and in none of them did a court hold that jurisdiction of such actions lies exclusively with the Court of Claims. Most of the cases cited by defendant are cases involving the sufficiency of a plaintiff's certificate of innocence, the certificate required by 28 U.S.C. § 2513(b) as a prerequisite to recovery under § 1495. It is true, however, that, in each of these cases, the court seemed to assume that jurisdiction over the § 1495 damage claim, to be predicated on the certificate, would be in the Court of Claims. *United States v. Brunner*, 200 F.2d 276 (6th Cir. 1952); *Roberson v. United States*, 124 F.Supp. 857, 129 Ct.Cl. 581 (1954); *Weiss v. United States*, 95 F.Supp. 176 (S.D.N.Y.1951); *United States v. Keegan*, 71 F.Supp. 623 (S.D.N.Y.1947). Defendant also cites *Vincin v. United States*, 468 F.2d 930, 199 Ct.Cl. 762 (1972), for the proposition that "[t]he unjust conviction statute has always been strictly construed." *Id.* at 933. However, the court notes that one of the cases cited for this proposition by the Court of Claims in *Vincin* is a case in which a federal district court and a federal appeals court in fact exercised jurisdiction over a § 1495 claim. *See Os-*

*borne v. United States,* 322 F.2d 835 (5th Cir. 1963).

Plaintiffs cite the court to two cases in which the jurisdictional question was in fact squarely presented. In both these cases the court held that the district courts have jurisdiction concurrent with the Court of Claims as to actions brought pursuant to § 1495. *Cox v. United States,* 112 F.Supp. 494 (N.D.Cal.1953); *McLean v. United States,* 73 F.Supp. 775 (W.D.S.C.1947). In each of these cases, the court relied on the language of the Tucker Act quoted above in reaching the conclusion that jurisdiction exists in the district court. The court is further aware that in the *Osborne* case noted above the Fifth Circuit, without addressing the jurisdictional question, considered a § 1495 claim on the merits and that in *Marsh v. United States,* 48 F.R.D. 315 (W.D. Va.1969), the court relied on *Osborne* for the proposition that jurisdiction is concurrent. However, in neither of these cases did the court give reasons for the jurisdictional result reached and in *Osborne* it appears that the jurisdictional question was neither raised nor considered.

█ The question is a close one. The plain language of the statute suggests that jurisdiction lies in the Court of Claims alone; a number of courts seem to have assumed that the jurisdictional grant is exclusive; however, in the only cases where the question has been specifically raised, the courts have held that jurisdiction is concurrent. In such circumstances recourse may be had to the legislative history to determine the intent of Congress.

The legislative history of this statute is collected and discussed by Judge Barksdale in *United States v. Keegan,* 71 F.Supp. 623 (S.D.N.Y.1947). While Judge Barksdale was concerned not with the jurisdictional question but with the question of the showing necessary to a certificate of innocence, the legislative history assembled by him is useful in understanding the intent of Congress with respect to jurisdiction. The original bill, drafted by Professor Borchard and introduced in Congress in 1912 largely at his instance, placed jurisdiction in the Court

of Claims and Professor Borchard's own comments on this provision indicate that he intended this jurisdiction to be exclusive. Professor Borchard wrote:

> The Court of Claims is given jurisdiction over the matter in preference to the trial court, or the appellate court, or the second trial court (which presumably could judge better of the merits and circumstances of the case) in order to maintain the traditions of American judicial procedure. If the jury or trial court were given the right to pronounce on the propriety of an award in a case of acquittal (as is the case in some of the European countries), it would bring into our law a new kind of acquittal, in which the jury or judge could acquit with degrees of approval or sympathy. The distinction would be an odious one to make. While it would be desirable to have the benefit of the special knowledge of the case secured by the trial court or the jury, still it is better to forego this advantage for the sake of conformity with legal custom and leave the establishment of the damage to a new court conforming in its jurisdiction in this case to its jurisdiction in similar cases of claims against the United States. *Id.* at 629–30.

The Borchard bill failed of enactment in 1912 and was not successful until 1938. At that time the bill again placed jurisdiction in the Court of Claims. The 1938 House and Senate reports, relying heavily on Borchard's comments about the original bill, show that only jurisdiction in the Court of Claims was contemplated by Congress. And the language of the 1938 act clearly indicates that Congress never intended jurisdiction of such actions in the district courts. The 1938 Act provided:

> That any person who, having been convicted of any crime or offense against the United States and having been sentenced to imprisonment and having served all or any part of his sentence, shall hereafter, on appeal or on a new trial or rehearing, be found not guilty of the crime of which he was convicted or shall hereafter receive a pardon on the ground of inno-

cence, if it shall appear that such person did not commit any of the acts with which he was charged or that his conduct in connection with such charge did not constitute a crime or offense against the United States or any State, Territory, or possession of the United States or the District of Columbia, in which the offense or acts are alleged to have been committed, and that he has not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction, may, subject to the limitations and conditions hereinafter stated, and in accordance with the provisions of the Judicial Code, maintain suit against the United States *in the Court of Claims* for damages sustained by him as a result of such conviction and imprisonment.

Sec. 2. The only evidence admissible on the issue of innocence of the plaintiff shall be a certificate of the court in which such person was adjudged not guilty or a pardon or certified copy of a pardon, and such certificate of the court, pardon, or certified copy of a pardon shall contain recitals or findings that—

   (a) Claimant did not commit any of the acts with which he was charged; or
   (b) that his conduct in connection with such charge did not constitute a crime or offense against the United States or any State, Territory, or possession of the United States or the District of Columbia, in which the offense or acts are alleged to have been committed; and
   (c) that he has not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction.

Sec. 3. No pardon or certified copy of a pardon shall be filed *with the Court of Claims* unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and further that the time for any court to exercise its jurisdiction had expired.

Sec. 4. Upon a showing satisfactory to it, *the Court may permit the plaintiff to* prosecute such action in forma pauperis. In the event that the court shall render judgment for the plaintiff, the amount of damages awarded shall not exceed the sum of $5,000. Ch. 266, 52 Stat. 438 (1938). (Emphasis added.)

Thus, the court has not been shown in the legislative history any indication that Congress intended concurrent jurisdiction in these cases. The legislative history to which the court's attention has been directed has, indeed, suggested the contrary.

█ In reaching the conclusion that this court does not have jurisdiction, the court is also mindful of the well-established principle that federal district courts are courts of limited jurisdiction and that jurisdictional statutes are to be strictly construed. 13 C. Wright and A. Miller, *Federal Practice and Procedure* § 2522 (1975). With reference to the particular kind of statutory provision under consideration here, the court further notes that other statutes giving jurisdiction to the Court of Claims have been held to be exclusive grants, even when the word "exclusive" did not appear in the statute. Indeed, the courts have found exclusive jurisdiction in the Court of Claims even as to cases involving patent infringement under 28 U.S.C. § 1498, where the statute, which deals with patents, copyrights and plant varieties, specifically makes jurisdiction exclusive only as to copyrights and plant varieties and does *not* make any reference to exclusiveness as to patent infringement. *John J. McMullen Associates, Inc. v. State Board of Higher Education*, 406 F.2d 497 (9th Cir. 1969), *cert. denied*, 395 U.S. 944, 89 S.Ct. 2016, 23 L.Ed.2d 462 (1969); *Stelma, Inc. v. Bridge Electronics Co.*, 300 F.2d 761 (3rd Cir. 1962); *Identification Devices, Inc. v. United States*, 74 App.D.C. 26, 121 F.2d 895 (1941), *cert. denied*, 314 U.S. 615, 62 S.Ct. 63, 86 L.Ed. 495 (1941).

The plaintiffs' action is accordingly dismissed unless plaintiffs present, within ten days, a motion requesting the court to transfer this action to the Court of Claims, as provided in 28 U.S.C. § 1406(c). Upon *such motion the court will transfer the case.*